UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KURTULUS KALICAN,<br>   *Plaintiff*, | :<br>:<br>: |
| v. | :    Case No. 3:23-cv-402 (SVN) |
| | : |
| CAPTAIN BISHOP,<br>   *Defendant*. | :<br>: |

## **INITIAL REVIEW ORDER**

    Plaintiff Kurtulus Kalican, a sentenced inmate currently incarcerated at MacDougall-Walker Correctional Institution ("MacDougall"), filed this action *pro se* pursuant to 42 U.S.C. § 1983.  He names one defendant, Captain Bishop, in his individual and official capacities.

    The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

    The Court has thoroughly reviewed all factual allegations in the complaint and conducted

an initial review pursuant to 28 U.S.C. § 1915A.[1]  Based on this initial review, the Court orders as follows.

I.       **FACTUAL BACKGROUND**

While the Court does not set forth all of the facts alleged in Plaintiff's complaint (ECF No. 1), it summarizes his basic factual allegations here to give context to its ruling below.

Captain Bishop was the unit manager of Unit H at MacDougall, Plaintiff's housing unit. In early January of 2022, Plaintiff was moved to a cell occupied by Inmate Doe. Doe confronted Plaintiff when he entered the cell and asked why Plaintiff had been moved there. Doe said he had gotten along well with his prior cellmate and wanted to know why that inmate was moved out of the cell. Doe appeared paranoid and believed that Plaintiff had been moved into the cell to report on Doe.

Plaintiff submitted several requests to Captain Bishop explaining the situation and stating that he was afraid to remain in the cell. Plaintiff asked to be moved to another housing unit or facility, but Captain Bishop would not move him.

On January 8, 2022, Doe told Plaintiff that Doe had tested positive for COVID-19. Plaintiff

---

[1] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 273 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

tested negative and was moved to a quarantine unit. After the quarantine period, Plaintiff was returned to a different cell in Unit H. Plaintiff continued to encounter Doe in the unit.

On February 10, 2022, Plaintiff was called to receive his medication at the "Med. Line." While en route to the Med. Line, which is located along one of the main corridors within the facility, Doe assaulted Plaintiff and broke his nose.

## II. DISCUSSION

Plaintiff contends that Captain Bishop was deliberately indifferent to his safety and failed to protect him from harm because Captain Bishop did not move Plaintiff to a different housing unit or correctional facility.

Plaintiff was a sentenced inmate at all times relevant to the allegations in his complaint.[2] Thus, his claim for deliberate indifference to safety is cognizable under the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (recognizing that deliberate indifference claims of sentenced inmates are considered under the Eighth Amendment while deliberate indifference claims of pretrial detainees are considered under the Fourteenth Amendment).

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety" of inmates in their custody. *Hayes v. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996). That burden includes an obligation to protect prisoners from violence at the hands of other

---

[2] Plaintiff was sentenced on July 19, 2006. *See* Inmate Information, Conn. State Dep't of Corr., http:/www.ctinmateinfo.state.ct.us/detailsupv/asp?id_inmt_num=314840 (last visited May 12, 2023). The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012); *see Goss v. City of New London*, No. 3:20-CV-01507 (SALM), 2022 WL 375462, at *1 n.1 (D. Conn. Feb. 8, 2022) (taking judicial notice of the date the plaintiff was sentenced according to the State of Connecticut Department of Correction Inmate Information website).

prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Not every injury suffered by one inmate at the hands of another inmate results in imposition of constitutional liability against prison officials, however. Rather, to state an Eighth Amendment claim for deliberate indifference to safety or failure to protect from harm, Plaintiff must show that he was confined under conditions that posed a substantial risk of serious harm and that Captain Bishop both knew that he faced a substantial risk of serious harm and failed to take reasonable actions to abate or avert the harm. *See Farmer*, 511 U.S. at 825, 834; *Lewis v. Swicki*, 629 F. App'x 77, 79 (2d Cir. 2015) (summary order) (citing *Hayes*, 84 F.3d at 620). There is no "bright line test" to determine whether a risk of serious harm is "substantial" for Eighth Amendment purposes. *Lewis v. Siwicki*, 944 F.3d 427, 432 (2d Cir. 2019). The Court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *i.e.*, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).

For purposes of initial review, the complaint adequately states a claim against Captain Bishop for deliberate indifference to safety/failure to protect. Specifically, Plaintiff alleges that he repeatedly reported Doe's hostility toward him and his fears for his safety to Captain Bishop verbally and in writing. Plaintiff, however, was kept in the same housing unit, and was later assaulted by Doe. Although the Court cannot determine based on the current record exactly how Plaintiff expressed his concerns and whether Captain Bishop appreciated the risk to Plaintiff's safety, those questions are best developed in the adversarial process. The Eighth Amendment

claim against Captain Bishop may proceed against him in his individual capacity.

Plaintiff also names Captain Bishop in his official capacity. Plaintiff's complaint seeks only damages, however. It is well established that a plaintiff may not maintain a claim against a state defendant in his or her official capacity for monetary damages, as such a claim is barred by the Eleventh Amendment of the United States Constitution. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Accordingly, Plaintiff's claim against Captain Bishop in his official capacity is dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

## **ORDERS**

Plaintiff's claim against Captain Bishop in his official capacity is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2). The case will proceed on Plaintiff's deliberate indifference to safety/failure to protect claim against Captain Bishop in his individual capacity.

The Court enters the following orders.

(1)     **The Clerk shall** contact the Department of Correction Office of Legal Affairs to ascertain a current service address for Captain Bishop, mail a waiver of service of process request packet containing the Complaint and this Order to him at the address provided by **July 11, 2023**, and report to the Court on the status of the waiver request on the thirty-fifth day after mailing. If Defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on Defendant in his individual capacity and Defendant shall be required to pay the cost of such service.

(2)     **The Clerk shall** send Plaintiff a copy of this Order.

(3)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

\* \* \*

The Court will issue a schedule for this case once service is effected upon Defendant.

If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that he MUST notify the Court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated.  Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.  Plaintiff should also notify Defendant or the attorney for Defendant of his new address, after Defendant appears.

**SO ORDERED** at Hartford, Connecticut, this 20th day of June, 2023.

                                                      */s/ Sarala V. Nagala*
                                                     SARALA V. NAGALA
                                                     UNITED STATES DISTRICT JUDGE